UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MOHAMMED NASSERY,

Petitioner,

v.                                                    CIVIL ACTION
                                                      NO.  04-11799-PBS
JOSEPH F. MCDONOUGH, et al.

Respondents.

MEMORANDUM AND ORDER

SARIS, D. J.

For the reasons stated below, this habeas petition is dismissed without prejudice.

BACKGROUND

On August 16, 2004, petitioner Mohammed Nassery, an immigration detainee currently being held at the Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus under Section 2241.  Nassery, a native of Afghanistan, contends that he was ordered removed on September 29, 1998, and was taken into custody on February 12, 2004 by the Department of Homeland Security ("DHS")[1] after completing a criminal sentence.  Petition p. 1-2.  Nassery claims that his continued detention by DHS is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001) because his removal cannot be accomplished in the near future.  Id. at p.1.

On August 17, 2004, counsel for the Department of Homeland Security orally informed a deputy clerk of this Court that Nassery is scheduled to be removed in less than week on August 24, 2004.

---

[1] The Homeland Security Act of 2002 dissolved the Immigration and Naturalization Service ("INS") and transferred its functions into the Department of Homeland Security ("DHS"), effective March 1, 2003.  See Pub. L. No. 107-296, §§ 402, 441, 471, 116 Stat. 2135, 2177-78, 2192, 2205; 6 U.S.C. §§ 202, 251, 291.  Following this restructuring, the INS functions relevant to this case were transferred to the DHS Bureau of Immigration and Customs Enforcement.  For ease of reference, I will refer to DHS.

ANALYSIS

Section 1231 of title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period." 8 U.S.C. § 1231(a)(1)(2). Section 1231 also provides that if removal is not effected within 90 days, an alien may be released under the supervision of the Attorney General, but that certain classes of aliens, including those convicted of aggravated felonies, may continue to be detained after the 90-day removal period. Id. § 1231(a)(3), (6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six-months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. Id. 533 U.S. at 701. If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances." Id. at 699-700.

Under this formulation, where removal is imminent, due process is not implicated and an alien has failed to state a Zadvydas claim for relief. Wang v. Ashcroft, 320 F.3d 130, 145 (2d Cir. 2003). According to the information provided by counsel for DHS, Nassery's removal appears to be imminent. Thus, this petition for a writ of habeas corpus must be dismissed. See Wang, 320 F.3d at 145; accord Ishmael v. INS, No. Civ.A. 03-10267-RWZ, 2003 WL 1790895, at *1 (D. Mass. Apr. 1, 2003) (denying petition where there was not only a likelihood, but a certainty that petitioner would be deported within a matter of days). However, this dismissal is without prejudice to its re-filing by petitioner if his removal is not effected as planned.

<u>CONCLUSION</u>

ACCORDINGLY, this habeas petition will be dismissed without prejudice for the reasons stated above.

SO ORDERED.


_____8/18/04_____                    s/ Patti B. Saris_____
DATE                                 UNITED STATES DISTRICT JUDGE

3